UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MANETIRONY CLERVRAIN,

                         **Plaintiff,**

vs.                                                    1:22-CV-1248 (MAD/DJS)

JONATHAN ROBBINS, JEAN-MAX BELLERIVE,
JOSUE PIERRE-LOUIS, GARRY CONILLE, JEAN-
CLAUDE THEOGENE, BARTHELEMY ANTENO,
KWASI AMOAKO-ATTAH, and VICTOR (ITO)
BISONO HAZA,

                         **Defendants.**
_____

APPEARANCES:                                        OF COUNSEL:

**MANETIRONY CLERVRAIN**
4326 South Scatterfield Road
Suite 153
Anderson, Indiana 46013
Plaintiff, *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On November 22, 2022, *pro se* Plaintiff Manetirony Clervrain ("Plaintiff") filed a complaint against Defendants consisting of 70 pages of forms and documents, *see* Dkt. No. 1, "recit[ing] a wide variety of federal statutes and case law," Dkt. No. 7 at 5, and around two hundred pages of attachments. *See* Dkt. Nos. 1-1, 1-5, 1-6. On the same day, Plaintiff moved for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, and to obtain an ECF login and password. *See* Dkt. No. 3.

On December 8, 2022, Magistrate Judge Daniel J. Stewart granted Plaintiff's motion to proceed IFP. *See* Dkt. No. 6. Additionally, Magistrate Judge Stewart issued a Report-

Recommendation and Order recommending that the complaint be dismissed with leave to amend. *See* Dkt. No. 7. Plaintiff has not filed an objection to the Report-Recommendation and Order.

When a party declines to file objections to a magistrate judge's report-recommendation or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the district court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Having reviewed the December 8, 2022 Report-Recommendation and Order, Plaintiff's complaint and the applicable law, the Court finds that Magistrate Judge Stewart correctly determined that the complaint should be dismissed. The complaint is largely incomprehensible and suffers from several deficiencies. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is neither short nor plain. *See*

Dkt. No. 1.  As currently drafted, and even with the leniency given to a *pro se* litigant's pleadings, Plaintiff failed to meet pleading standards such that the Court is unable to meaningfully analyze whether Plaintiff can allege any colorable claim against Defendants.  *See Canning v. Hofmann*, No. 1:15-CV-0493, 2015 WL 6690170, *5 (N.D.N.Y. Nov. 2, 2015) ("[H]aving found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Finally, the Court agrees with Magistrate Judge Stewart that Plaintiff should be granted an opportunity to amend out of deference to Plaintiff's *pro se* status.  *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("'Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim'") (quotation omitted).  Should Plaintiff choose to amend the complaint, the Court urges Plaintiff to review Magistrate Judge Stewart's suggestions in the Report-Recommendation and Order thoroughly.  *See* Dkt. No. 7 at 4-6.

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order; and the Court further

3

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 1, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge